UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GRANT CARDONE,<br><br>    Plaintiff and Counterclaim Defendant,<br><br>    v.<br><br>STONER & ASSOCIATES, INC., a Washington corporation, et al.,<br><br>    Defendant.<br><br>DEALER DATA SERVICES, a Washington sole proprietorship,<br><br>    Counterclaim Plaintiff,<br><br>    v.<br><br>THE CARDONE GROUP OF CENTRAL FLORIDA, INC., a Florida corporation, et al.,<br><br>    Counterclaim Defendants. | CASE NO. C03-513RSM<br><br>ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT |

    This matter is now before the Court for a ruling on a Motion for Partial Summary Judgment as to the copyright infringement counterclaim, filed by plaintiff and counterclaim defendant Grant Cardone. For the reasons set forth below, the Court DENIES the motion for partial summary judgment.

DISCUSSION

    The parties are familiar with the facts, which will be recited here only insofar as they are relevant to a resolution of this dispute. Plaintiff Grant Cardone filed this action seeking damages for, and an injunction against, defendants' alleged infringement of plaintiff's copyright on certain training manuals

ORDER ON PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 1

used by automobile dealerships. Defendants answered with a counterclaim against plaintiff and others for infringement of copyrights on two of defendants' software products, as well as breach of contract, breach of fiduciary duty, unfair competition, interference with contracts, and misappropriation. In this motion, plaintiff seeks summary judgment of dismissal as to the copyright infringement counterclaim only.

A party asserting a claim (or counterclaim) of copyright infringement must prove (1) that he or she is the owner of a valid copyright on a work, and (2) unauthorized copying of "constituent elements of the work that are original." <u>Feist Publications v. Rural Telephone Service</u>, 499 U.S. 340, 361 (1991). It is the validity of defendants' copyrights which plaintiff has put in issue in this motion.

The undisputed facts relevant to this dispute are easily summarized. Defendant Stoner and Associates, Inc., ("STA") was incorporated on September 25, 2001. On September 19, 2002, STA registered copyrights for two software products, named "Profit Trak Plus" and "Shopper Stopper." The Certificate of Registration for both works lists STA as the author of the work, as well as the copyright claimant. The Profit Trak Plus certificate states that the work was completed in 1997 and first published on September 30, 1997. The certificate for Shopper Stopper states that the work was completed in 2000, and first published on September 30, 2000—all before STA's date of incorporation.

Plaintiff contends that these undisputed facts show that both copyrights are invalid, because STA did not exist at the time the works were created, and cannot possibly be the author of the works. Thus the naming of STA as the author is, according to plaintiff, a material misrepresentation which invalidates both copyrights. Plaintiff contends that a copyright which has been obtained through such misrepresentation is invalid and "incapable of supporting an infringement action." <u>Whimsicality, Inc., v. Rubie's Costume Co.</u>, 891 F. 2d 452, 456 (2d Cir. 1989).

Defendants contend, in response, that this inaccuracy is not, without more, a defense to an infringement action, quoting <u>Franklin v. Ciroli</u>, 865 F. Supp. 940 (D.Mass. 1994):

> [S]everal courts have held that errors on a registration application do not affect the plaintiff's right to sue for infringement, unless the errors or failures (1) are knowing; (2) harmed or prejudiced the defendant in some way *or* affected the validity of the copyright; and (3) may have caused the Copyright Office to reject the application.

ORDER ON PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 2

Id. at 942-43.  They argue that plaintiff has shown neither how he has been prejudiced by this "inaccuracy," nor how the inaccuracy affects the validity of the copyright.  According to defendants, a copyright application which misidentifies the author or owner is misleading only where the applicant fails to prove ownership.  As proof of ownership, defendant Mike Stoner states in his declaration that he created the two software products for his sole proprietorship business Dealer Data Services, and that when STA was incorporated, "all of the rights I held in either software application were assigned in writing to STA."  He has not, however, provided a copy of that writing.

Under § 204(a) of the Copyright Act, "[a] transfer of copyright ownership . . . is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed . . . " 17 U.S.C. § 204(a).  The writing must be sufficient to evidence the parties' intent to transfer the copyright.  Radio Television Espanola S.A. v. New World Entertainment, Ltd., 183 F. 3d 922, 926 (9th Cir. 1999).   The writing ensures that an author does not give away his rights inadvertently, and serves as a guidepost to the parties in any dispute regarding the copyright.  Id. In order to serve these functions, the writing in question must, "at the very least, be executed contemporaneously with the agreement . . . " Konigsberg Intl., Inc., v. Rice, 16 F. 3d 355, 357 (9th Cir. 1994).

Both parties have cited, in support of their respective positions, to a case which evolved out of a dispute over rights to the "cheese wedge" hats worn by fans of the Green Bay Packers football team.  *See*, Foamation, Inc., v. Wedeward Enterprises, Inc., 947 F.Supp. 1287 (E.D.Wis. 1996).   Factual similarities between that case and this make a subsequent ruling in Foamation highly instructive here:

> The undisputed material facts demonstrate that Foamation's copyright registration certificate identifies Foamation, Inc. as the author of the cheese wedge hat and owner of the copyright.  In these respects, the registration certificate is wrong.  First of all, Foamation, Inc., could not have been the author of the hat created in 1987, precisely because that corporation did not even exist until 1993.  And, when a plaintiff, like Foamation, Inc., is not the author of the copyrighted work, the plaintiff must prove a proprietary right through a change of title in order to have standing to sue.  Any transfer of a copyright "is not valid unless the instrument of conveyance or a note or memorandum of the transfer is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent."  17 U.S.C. § 204(a).

Foamation, Inc., v. Wedeward Enterprises, Inc., 970 F. Supp. 676, 683 (E.D.Wis. 1997) (internal

ORDER ON PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 3

citations omitted).   Foamation's copyright infringement claim was dismissed on summary judgment because Foamation had no written instrument transferring title.  Id.  That result does not necessarily obtain here, however, because there is a factual dispute as to whether title was properly transferred to STA by a contemporaneous writing.  If it was not, then the naming of STA as the author of the works would constitute not merely a simple error, but rather a "knowing failure to advise the Copyright Office of facts which might have occasioned a rejection of the application."  Whimsicality Inc., v. Rubies' Costume Co., 891 F. 2d at 456.  That is the type of misrepresentation which would render the registration invalid and incapable of supporting an infringement action.  Id.

     Defendant Stoner states in his sworn declaration that the rights he had in Profit Tracker Plus and Shopper Stopper were assigned in writing to STA when the corporation was formed.  Plaintiff disputes that statement, because defendants have failed to produce that writing in response to discovery requests.  This factual dispute cannot be resolved in favor of either party on the record now before the Court,  and it therefore precludes summary judgment at this time.  Accordingly, plaintiff's motion for partial summary judgment on the infringement counterclaim is DENIED.

        DATED this   11   day of   April  , 2005.

                                      RICARDO S. MARTINEZ
                                      UNITED STATES DISTRICT JUDGE