1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

GRANT CARDONE,

Plaintiff and Counterclaim
Defendant,

11

12

v.

13

STONER & ASSOCIATES, INC., a Washington
corporation, et al.,

14

Defendant.

CASE NO. C03-513RSM

ORDER ON DEFENDANTS' MOTION
FOR PARTIAL SUMMARY
JUDGMENT

15

16

DEALER DATA SERVICES, a Washington
sole proprietorship,

17

Counterclaim Plaintiff,

18

v.

19

20

THE CARDONE GROUP OF CENTRAL
FLORIDA, INC., a Florida corporation, et al.,

21

Counterclaim Defendants.

22

_____

23

24

25

26

27

    This matter is now before the Court on the motion of defendants and counterclaim plaintiffs
Stoner & Associates ("STS") and Mike Stoner  for partial summary judgment on the validity of plaintiff's
copyrights. Dkt. # 125.   Defendants seek dismissal of plaintiff's infringement claims on the basis that the
copyrights held by plaintiff are invalid.  Defendants also contend that plaintiff cannot prove any damages

28

ORDER ON DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 1

1  with respect to any of his claims.  Plaintiff has opposed the motion.  For the reasons set forth below, the

2  Court finds that further briefing is required before it can rule on the motion.

3

4                                                    DISCUSSION

5          The parties are familiar with the facts, which will be recited here only insofar as they are relevant

6  to this current dispute.  Plaintiff Grant Cardone filed this action seeking damages for, and an injunction

7  against, defendants' alleged infringement of plaintiff's copyright on certain sales training manuals used by

8  automobile dealerships.   Defendants answered with a counterclaim against plaintiff and others for

9  infringement of copyrights on two of defendants' software products, as well as breach of contract, breach

10 of fiduciary duty, unfair competition, interference with contracts, and misappropriation.   Plaintiff's

11 earlier-filed motion for partial summary judgment of dismissal as to the copyright infringement

12 counterclaim has been denied. It is now defendants' turn to assert that plaintiff's claims of infringement

13 must be dismissed.   However, on the record now before the Court, it cannot rule on this motion.

14         A party asserting a claim of copyright infringement claim must prove (1) ownership of a valid

15 copyright on a work, and (2) unauthorized  copying of "constituent elements of the work that are

16 original."  Feist Publications v. Rural Telephone Service, 499 U.S. 340, 361 (1991).   As in the prior

17 motion, it is the validity of the copyrights which has been put in issue in this motion.  Defendants assert,

18 in effect,  that plaintiff's copyrights are invalid because the works are not original.  They have presented,

19 as exhibits, actual examples of numerous other sales materials from which, they allege, plaintiff's

20 workbooks are derived.  Plaintiff has, in turn, presented over 100 pages of exhibits to support his

21 argument for the validity of his copyrights.

22         As a threshold issue, plaintiff argues in opposing summary judgment that

23         Grant Cardone's copyrights in his workbooks and Audiotape are presumed valid.  This
           is because a certificate of copyright registration serves as prima facie evidence of ownership
24         of a valid copyright where registration is made within five years of a first publication of a
           work, **as was the case here**.
25
   Plaintiff's Opposition, Dkt. # 25, p. 6 (citations omitted, emphasis added).   This is a correct statement of
26
   the law.  However, if it is determined that plaintiff's copyrights are not entitled to the benefit of this
27

28 ORDER ON DEFENDANT'S MOTION FOR
   PARTIAL SUMMARY JUDGMENT - 1

1   presumption, the Court may not need to engage in a lengthy comparison of the materials presented to

2   evaluate the originality of plaintiff's works.   The Court therefore turns first to an examination of the

3   certificates of registration, to determine whether the presumption of validity does in fact apply.

4         Two copyright registration certificates appear in the record as exhibits to the First Amended

5   Complaint.   These cover the works   "Re-Engineering the Sales Process into the 21st Century" ("Re-

6   Engineering"), TX 5-649-103; and "Managing in the 21st Century" ("Managing"), TX 5-649-104.[1]   Dkt.

7   # 25, Exhibit A, B.   The dates on the two certificates leave the application of the presumption of validity

8   in doubt.   Both applications give April 1, 1997, as the date of first publication of the work.   Both

9   applications are signed and dated February 13, 2002, a date within the five-year window.   However, both

10  certificates indicate that the application was received, and the certificate of registration issued, on

11  February 19, 2003, outside the five-year window.

12        As plaintiff asserts, timely copyright registration establishes a presumption of validity.   "In any

13  judicial proceedings the certificate of a registration made before or within five years after first publication

14  of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in

15  the certificate."   17 U.S.C. § 410(c).   This presumption of validity is a rebuttable one.   *See, e.g.*, Pickett

16  v. Prince, 207 F. 3d 402 (7th Cir. 2000); Sobhani v.@radical.media, Inc., 257 F. Supp. 2d 1234 (C.D.Cal.

17  2003).   However, if from the outset the presumption does not apply, "[t]he evidentiary weight to be

18  accorded the certificate of a registration . . . shall be within the discretion of the court."   17 U.S.C. §

19  410(c).

20        Before the Court can determine whether to exercise that discretion, the certificate of registration

21  date issue must be resolved.   Plaintiff makes the conclusory statement, as shown above, that the

22  presumption applies—even as to the audiotapes, for which no certificate of registration appears in the

23  record.   *See* FN 1.   Defendants have not addressed the issue of the presumption of validity as to any of

24  the three copyrights.   Yet the Court declines to proceed to an examination of all the material presented

25

26        [1]The record also contains a copy of an application for a third copyright, on the audiotape "Selling
    in the 90's".   However, on the record before the Court it does not appear that the registration has been
27  completed.

28  ORDER ON DEFENDANT'S MOTION FOR
    PARTIAL SUMMARY JUDGMENT - 1

1 | until the evidentiary weight to be accorded the certificates of registration has been determined.

2 | Accordingly, it is hereby ORDERED:

3 | (1) Defendants' and counterclaim plaintiffs' motion for partial summary judgment (Dkt. # 25)

4 | shall be RE-NOTED on the Court's calendar for June 24, 2005.   Plaintiff may file a supplemental

5 | response to the motion, addressing the matters raised herein, by June 20, and defendants may file a

6 | supplemental reply by June 24.

7 | (2) The deferral of this ruling shall not constitute grounds for changing the date of the settlement

8 | conference now scheduled before the Honorable James Robart.   The parties may, however, stipulate to

9 | re-noting this motion and the supplemental briefing to a later date, so as not to interfere with preparation

10 | for the settlement conference.

12 | DATED this  9th   day of    June  , 2005.

/s/ Ricardo S. Martinez
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 1